```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                        BLUEFIELD
```

**BETH COPSON, as Administratrix
of the Estate of Kyle Andrew
Copson deceased,**

      **Plaintiff,**

**v.**                    CIVIL ACTION NO. 1:19-00127

**PATRICK M. HEPHNER, Individually
As a member of the West Virginia
State Police, et al.,**

      **Defendants.**

## SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Rule 16.1(e) of the Local Rules of Civil Procedure, it is hereby **ORDERED** as follows:

1. Joinder and amendments:  The amendment of any pleading and the joinder of any party shall be completed no later than August 1, 2019.

2. Discovery:  The parties shall complete all discovery requests by September 27, 2019, and all depositions by November 11, 2019.  The last date to complete depositions shall be the 'discovery completion date' by which all discovery, including disclosures required by Fed. R. Civ. P. 26(a)(1), and (2), but not disclosures required by Fed. R. Civ. P. 26(a)(3), must be completed.  Additionally, all objections, motions to compel, and

all other motions and replies relating to discovery in this action must be filed in time for the party objecting or responding to have opportunity under the Federal Rules of Civil Procedure and the Local Rules to make responses by the discovery completion date.  Parties have a continuing obligation to supplement their responses beyond the discovery cutoff date, as provided in Fed. R. Civ. P. 26(e).  The limitations on discovery (numbers of interrogatories and depositions and length of depositions) set forth in Fed. R. Civ. P. 30 and 33 shall govern this case, but are subject to change pursuant to the agreements of the parties and to Order of the Court pursuant to L. R. Civ. P. 26.1(c) and Fed. R. Civ. P. 26(b)(2)(A).

    3.  <u>Expert witnesses</u>:  The party bearing the burden of proof on an issue shall make the disclosures of information required by Rule 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than September 12, 2019.  The party not bearing the burden of proof on an issue shall make the disclosures required by Rule 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than October 14, 2019.  All parties shall provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue

identified by another party under Fed. R. Civ. P. 26(a)(2)(B), no later than October 28, 2019.

    4.    Summary Judgment and other Dispositive Motions:  All dispositive motions, except those under Fed. R. Civ. P. 12(b), together with depositions, admissions, documents, affidavits or other such matter in support thereof, shall be filed and served by December 2, 2019, with responses and replies due thereafter in accordance with the Local Rules.  Any motion must be supported by a memorandum of law at the time filed or submitted.  If any motion, memorandum in support, response, or reply, inclusive of all attachments, exceeds fifty (50) pages in length, a hard copy of such materials shall be submitted to the court at the time of filing.

    5.    Mediation: Any mediation scheduled by the parties must be concluded by December 11, 2019.  Pursuant to L. R. Civ. P. 16.6.2, the parties may (a) request the assigned judicial officer to appoint a mediator pursuant to the provisions of Local Rule 16.6.2, or (b) request the assigned judicial officer refer the case to a Magistrate Judge for mediation, or (c) select a mediator from the list compiled and maintained by the West Virginia State Bar and advise the assigned judicial officer

of that selection not later than seven (7) days before the date set for mediation.

    6. Settlement meeting and Rule 26(a)(3) disclosures:

       (a) Settlement meeting. No later than February 18, 2020, parties and their counsel shall meet to conduct settlement negotiations. Lead trial counsel for Plaintiff shall take the initiative in scheduling such meeting, all other counsel shall cooperate in the effort to achieve a successful negotiation and settlement. Counsel and unrepresented parties must be prepared at the pretrial conference to certify that they tried in their meeting to settle the case.

       (b) Rule 26(a)(3) disclosures. If the case is not settled at the meeting, and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all Rule 26(a)(3) disclosures at the meeting.

    7. Motions in Limine: All motions in limine shall be filed and served by February 25, 2020, with responses due by March 3, 2020.

    8. Proposed Integrated Pretrial Order: The Plaintiff's portion of the proposed integrated pretrial order shall be submitted to opposing counsel by February 21, 2020, who shall then prepare and complete the opposing portion thereof and

submit the proposed integrated pretrial order, signed by all counsel, to the court for entry no later than February 28, 2020. The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in L. R. Civ. P. 16.7(b), including any objections to Fed. R. Civ. P. 26(a)(3) disclosures.

    9. <u>Pretrial conference</u>:  A final pretrial conference shall be held at 2:30 p.m. on March 10, 2020, in Bluefield, at which unrepresented parties and lead trial counsel for represented parties shall appear, fully prepared to discuss all aspects of the case.  Individuals with full authority to settle the case for each party shall be present in person or immediately available by telephone.

    10. <u>Pretrial order</u>:  Following the pretrial conference, the judicial officer shall enter a final pretrial order, which shall be modified only to prevent manifest injustice.

    11. <u>Proposed charge to the jury</u>:  The original and one copy of proposed jury instructions, numbered and in charge form, on substantive theories of recovery or defense, on damages, and on evidentiary matters peculiar to the case, and special interrogatories, if any be appropriate to the case, requested by counsel for submission to the jury, together with a verdict

form, shall be exchanged by counsel and then submitted to the presiding judicial officer by March 20, 2020.  On that same date the proposed jury instructions and verdict form shall also be submitted to the presiding judicial officer on compact disc saved in Word compatible format or emailed to the chambers according to instructions provided by the court's law clerk.

    12.  <u>Final settlement conference</u>:  A final settlement conference, attended by all unrepresented parties and by lead trial counsel for each represented party, shall be held at 10:30 a.m., on March 24, 2020, in Bluefield.  Individuals with full authority to settle the case for each party shall be present in person or immediately available by telephone.

    13.  <u>Trial</u>:  Trial of this action shall be held at 9:30 a.m., on March 25, 2020, in Bluefield.

    14.  <u>Failure to appear or negotiate</u>:  Should lead trial counsel fail to appear at any pretrial conference or otherwise fail to meet and confer in good faith with opposing counsel as required by paragraphs 5 and 6 above, or should a party or his authorized representative fail to appear or be available at any conference or otherwise fail to meet and confer in good faith as required by paragraphs 5 and 6 above, appropriate sanctions may be imposed, including, but not limited to, sanctions by way of

imposition of attorney fees against the attorney and/or his client pursuant to Fed. R. Civ. P. 16(f).

15. <u>Changes in above dates and times</u>: The court has attempted to adopt the parties' agreements on dates and times, to the extent those agreements are consistent with this court's policy of achieving prompt disposition of civil cases. Accordingly, extensions or modifications in this Scheduling Order will not be granted except upon a showing of good cause and by order of the presiding judicial officer. Motions to extend the discovery period to a date which will not affect other dates in this Scheduling Order should be addressed to the Magistrate Judge.

The Clerk of the Court is directed to send a copy of this Scheduling Order to all counsel of record and to any unrepresented party.

IT IS SO ORDERED this 24th day of April, 2019.

                                    ENTER:

                                    *David A. Faber* (signature)
                                    David A. Faber
                                    Senior United States District Judge