UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BETH COPSON,
as Administratrix of the Estate of
KYLE ANDREW COPSON, deceased,

    Plaintiff,

v.                                       CIVIL ACTION NO. 1:19-cv-00127
                                               The Honorable David A. Faber

PATRICK M. HEPHNER, individually
as a member of the West Virginia State Police,
and JAMES C. LONG, individually
as a member of the West Virginia State Police,

    Defendants.

## AMENDED ANSWER ON BEHALF OF DEFENDANT
## JAMES C. LONG TO PLAINTIFF'S COMPLAINT

    COMES NOW Defendant James C. Long, by counsel, Michael D. Mullins, Esq., and the law firm of Steptoe & Johnson PLLC, and responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

    In response to the enumerated paragraphs of Plaintiff's Complaint, this Defendant responds as follows:

    1.    The paragraph numbered 1 of Plaintiff's Complaint calls for a legal conclusion to which this Defendant is not required to respond.

    2.    The paragraph numbered 2 of Plaintiff's Complaint calls for a legal conclusion to which this Defendant is not required to respond.

Exhibit 1

3. In response to the paragraph numbered 3, this Defendant denies that he violated any of Plaintiff's rights.

4. The paragraph numbered 4 of Plaintiff's Complaint calls for a legal conclusion to which this Defendant is not required to respond.

5. This Defendant is without specific information or knowledge from which to formulate an opinion as to the truth of the allegations contained within the paragraph numbered 5 of Plaintiff's Complaint.

6. This Defendant is without specific information or knowledge from which to formulate an opinion as to the truth of the allegations contained within the paragraph numbered 6 of Plaintiff's Complaint.

7. In response to the paragraph numbered 7, this Defendant admits that, upon information and belief, Patrick Hephner was a West Virginia State Trooper at the time of the incident giving rise to the instant lawsuit. This Defendant is not sure of Mr. Hephner's current residence, as he resigned from the West Virginia State Police and, upon information and belief, is now employed by one of the United States military services.

8. In response to the paragraph numbered 8 of Plaintiff's Complaint, this Defendant admits that he was employed by the West Virginia State Police at the time of the incident giving rise to this lawsuit. The remaining allegations in the paragraph numbered 8 call for a legal conclusion to which this Defendant is not required to respond.

9. This Defendant is without sufficient information or knowledge from which to formulate a belief as to the truth of the allegations contained within the paragraph numbered 9 of Plaintiff's Complaint.

10. This Defendant is without sufficient information or knowledge from which to formulate a belief as to the truth of the allegations contained within the paragraph numbered 10 of Plaintiff's Complaint.

11. The paragraph numbered 11 of Plaintiff's Complaint calls for a legal conclusion to which this Defendant is not required to respond.

12. In response to the paragraph numbered 12 of Plaintiff's Complaint, this Defendant incorporates by reference his response to the paragraphs numbered 1 through 11, above.

13. Upon information and belief, the allegations set forth in the paragraph numbered 13 of Plaintiff's Complaint are admitted.

14. This Defendant is without sufficient information or knowledge from which to formulate a belief as to the truth of the allegations contained within the paragraph numbered 14 of Plaintiff's Complaint.

15. This Defendant is without sufficient information or knowledge from which to formulate a belief as to the truth of the allegations contained within the paragraph numbered 15 of Plaintiff's Complaint.

16. This Defendant admits the allegations contained within the paragraph numbered 16 of Plaintiff's Complaint.

17. This Defendant admits the allegations contained within the paragraph numbered 17 of Plaintiff's Complaint.

18. This Defendant denies the allegations contained within the paragraph numbered 18 of Plaintiff's Complaint.

19. In response to the paragraph numbered 19, this Defendant admits that reasonable, tactical decisions were made in an effort to protect the Defendants from Mr. Copson who was wielding a knife.

20. In response to the paragraph numbered 20 of Plaintiff's Complaint, this Defendant denies the manner in which Plaintiff arrived at the Hardee's parking lot, but admits that he did go to the Hardee's parking lot.

21. This Defendant denies the allegations contained within the paragraph numbered 21 of Plaintiff's Complaint.

22. In response to the paragraph numbered 22 of Plaintiff's Complaint, this Defendant denies the allegations as stated. However, this Defendant admits that a reasonable amount of force was used against Mr. Copson and that involved shooting him.

23. This Defendant denies the allegations contained within the paragraph numbered 23 of Plaintiff's Complaint.

24. This Defendant denies the allegations contained within the paragraph numbered 24 of Plaintiff's Complaint.

25. This Defendant is without sufficient information or knowledge from which to formulate a belief as to the truth of the allegations contained within the paragraph numbered 25 of Plaintiff's Complaint as to the precise location of the projectiles, but admits that Mr. Copson died from his wounds.

26. This Defendant denies the allegations contained within the paragraph numbered 26 of Plaintiff's Complaint.

27. This Defendant denies the allegations contained within the paragraph numbered 27 of Plaintiff's Complaint.

28. This Defendant denies the allegations contained within the paragraph numbered 28 of Plaintiff's Complaint.

29. This Defendant denies the allegations contained within the paragraph numbered 29 of Plaintiff's Complaint.

30. Responding to the paragraph numbered 30 of Plaintiff's Complaint, this Defendant admits that Mr. Lurie provided a statement but denies that Plaintiff has accurately set forth what Mr. Lurie said.

31. This Defendant denies the allegations contained within the paragraph numbered 31 of Plaintiff's Complaint.

32. This Defendant denies the allegations contained within the paragraph numbered 32 of Plaintiff's Complaint.

33. The allegations contained within the paragraph numbered 33 of Plaintiff's Complaint are denied as Plaintiff's counsel has taken the statement out of context.

34. This Defendant denies the allegations contained within the paragraph numbered 34 of Plaintiff's Complaint.

35. This Defendant denies the allegations contained within the paragraph numbered 35 of Plaintiff's Complaint.

36. This Defendant denies the allegations contained within the paragraph numbered 36 of Plaintiff's Complaint.

37. This Defendant denies the allegations contained within the paragraph numbered 37 of Plaintiff's Complaint.

38. Upon information and belief, the allegations set forth in the paragraph numbered 38 are admitted.

39. Upon information and belief, the allegations contained in paragraph numbered 39 are admitted in that Mr. Lurie recorded the incident and gave the West Virginia State Police a copy of the recording. Moreover, Plaintiff's counsel was provided a copy of this recording before the suit was filed.

40. This Defendant is without specific information or knowledge from which to formulate an opinion as to the truth of the allegations contained within the paragraph numbered 40 of Plaintiff's Complaint.

41. This Defendant is without specific information or knowledge from which to formulate an opinion as to the truth of the allegations contained within the paragraph numbered 41 of Plaintiff's Complaint.

42. In response to the paragraph numbered 42 of Plaintiff's Complaint, this Defendant incorporates by reference his response to the paragraphs numbered 1 through 41, above.

43. This Defendant denies the allegations contained within the paragraph numbered 43 of Plaintiff's Complaint.

44. Upon information and belief, this Defendant admits the allegations contained within the paragraph numbered 44 of Plaintiff's Complaint.

45. This Defendant denies the allegations contained within the paragraph numbered 45 of Plaintiff's Complaint.

46. This Defendant denies the allegations contained within the paragraph numbered 46 of Plaintiff's Complaint.

47. This Defendant denies the allegations contained within the paragraph numbered 47 of Plaintiff's Complaint.

48. This Defendant denies the allegations contained within the paragraph numbered 48 of Plaintiff's Complaint.

49. This Defendant denies the allegations contained within the paragraph numbered 49 of Plaintiff's Complaint.

50. In response to the paragraph numbered 50 of Plaintiff's Complaint, this Defendant denies that Plaintiff is entitled to recover anything from this Defendant.

51. This Defendant denies the allegations contained within the paragraph numbered 51 of Plaintiff's Complaint.

52. In response to the paragraph numbered 52 of Plaintiff's Complaint, this Defendant incorporates by reference his response to the paragraphs numbered 1 through 51, above.

53. This Defendant denies the allegations contained within the paragraph numbered 53 of Plaintiff's Complaint.

54. The paragraph numbered 54 of Plaintiff's Complaint calls for a legal conclusion to which this Defendant is not required to respond.

55. This Defendant denies the allegations contained within the paragraph numbered 55 of Plaintiff's Complaint.

56. This Defendant denies the allegations contained within the paragraph numbered 56 of Plaintiff's Complaint.

57. This Defendant denies the allegations contained within the paragraph numbered 57 of Plaintiff's Complaint.

58. This Defendant denies the allegations contained within the paragraph numbered 58 of Plaintiff's Complaint.

59. This Defendant denies the allegations contained within the paragraph numbered 59 of Plaintiff's Complaint.

60. This Defendant denies the allegations contained within the paragraph numbered 60 of Plaintiff's Complaint.

61. This Defendant denies the allegations contained within the paragraph numbered 61 of Plaintiff's Complaint.

62. In response to the paragraph numbered 62 of Plaintiff's Complaint, this Defendant incorporates by reference his response to the paragraphs numbered 1 through 61, above.

63. This Defendant denies the allegations contained within the paragraph numbered 63 of Plaintiff's Complaint.

64. This Defendant denies the allegations contained within the paragraph numbered 64 of Plaintiff's Complaint.

65. This Defendant denies the allegations contained within the paragraph numbered 65 of Plaintiff's Complaint.

66. In response to the paragraph numbered 66 of Plaintiff's Complaint, this Defendant incorporates by reference his response to the paragraphs numbered 1 through 65, above.

67. The paragraph numbered 67 of Plaintiff's Complaint calls for a legal conclusion to which this Defendant is not required to respond.

68. This Defendant denies the allegations contained within the paragraph numbered 68 of Plaintiff's Complaint.

69. This Defendant denies the allegations contained within the paragraph numbered 69 of Plaintiff's Complaint.

70. This Defendant denies the allegations contained within the paragraph numbered 70 of Plaintiff's Complaint.

71. This Defendant denies the allegations contained within the paragraph numbered 71 of Plaintiff's Complaint.

72. This Defendant denies each and every allegation not specifically admitted herein.

## JURY DEMAND

This Defendant demands a trial by jury on all claims deemed so triable by the Court.

## THIRD DEFENSE

This Defendant was privileged and within the scope of his lawful authority in all actions undertaken.

## FOURTH DEFENSE

The conduct of Plaintiff was the competent-producing cause of his injuries.

## FIFTH DEFENSE

The conduct of others was/were the competent-producing cause of Plaintiff's alleged injuries.

## SIXTH DEFENSE

This Defendant is entitled to immunity from any award of damages because this Defendant did not cause the deprivation of any clearly established constitutional right or privilege of Plaintiff.

## SEVENTH DEFENSE

This Defendant raises the affirmative defense of privilege, immunity and contributory and/or comparative fault.

**EIGHTH DEFENSE**

This Defendant acted reasonably and in good faith under the circumstances and is therefore immune from liability.

**NINTH DEFENSE**

This Defendant was not deliberately indifferent towards Plaintiff and therefore he is immune from Plaintiff's claims.

**TENTH DEFENSE**

This Defendant did not use excessive force.

**ELEVENTH DEFENSE**

Plaintiff's claim for punitive damages violates the laws of the United States of America and of West Virginia.

**TWELFTH DEFENSE**

This Defendant reserves the right to argue that Plaintiff failed to mitigate his damages, if any.

This Defendant reserves the right to raise any and all further defenses which may arise during the course of this litigation.

WHEREFORE, this Defendant respectfully requests that he be dismissed from this action and that he be awarded his costs, including any attorneys fees, expended herein.

**JAMES C. LONG,**

**By Counsel:**

/s/ Michael D. Mullins
Michael D. Mullins, Esq. [WVSB #7754]
Chase Tower, 17th Floor
707 Virginia Street East
Post Office Box 1588
Charleston, WV 25326-1588
Telephone: 304-353-8000
Facsimile: 304-353-8180
Michael.Mullins@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
**Of Counsel**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**BETH COPSON,**
as Administratrix of the Estate of
**KYLE ANDREW COPSON, deceased,**

    Plaintiff,

v.                                         **CIVIL ACTION NO. 1:19-cv-00127**
                                                          The Honorable David A. Faber

**PATRICK M. HEPHNER, individually
as a member of the West Virginia State Police,
and JAMES C. LONG, individually
as a member of the West Virginia State Police,**

    Defendants.

## CERTIFICATION OF SERVICE

I hereby certify that on the _____ day of _____, 2019, I filed the foregoing **"Amended Answer on Behalf of James C. Long to Plaintiff's Complaint"** with the Clerk of Court by utilizing the CM/ECF system, which will send electronic notification of said filing to the following counsel of record / CM/ECF participant:

Russell A. Williams, Esq. (WVSB # 12710)
Katz, Kantor, Stonestreet & Buckner, PLLC
207 S. Walker Street
Princeton, WV  24740
*Counsel for Plaintiff*

                                                   /s/ Michael D. Mullins
                                                 Michael D. Mullins, Esq. (WVSB #7754)
**STEPTOE & JOHNSON PLLC**         Chase Tower, 17th Floor
    Of Counsel                          707 Virginia Street East
                                                 Post Office Box 1588
                                                 Charleston, WV 25326-1588
                                                 Telephone:  304-353-8000
                                                 Facsimile:  304-353-8180
                                                 Michael.Mullins@steptoe-johnson.com