IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BETH COPSON, as Administratrix of
the Estate of KYLE ANDREW COPSON,
deceased,

    Plaintiff,

v.                                CIVIL ACTION NO. 1:19-00127

PATRICK M. HEPHNER, individually
as a member of the West Virginia
State Police, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending before the court is plaintiff's motion for leave to amend her complaint.  ECF No. 37.  For reasons expressed more fully below, the motion to amend is **DENIED**.

**Background**

    On February 21, 2019, Beth Copson, as Administratrix of the Estate of Kyle Andrew Copson, filed a four-count complaint under federal and state law in which she alleged that two members of the West Virginia State Police, Patrick M. Hephner and James C. Long, violated Kyle Andrew Copson's constitutional rights by using excessive and deadly force against him on February 22, 2017.

    Count I of the original complaint contains a § 1983 claim for use of excessive force.  Count II alleges a number of state

constitution violations.  Plaintiff also asserted state law claims for battery (Count III) and negligence (Count IV).

Plaintiff has filed a motion to amend the complaint, asking that she be allowed to add claims for negligent and intentional spoliation of evidence against defendant Trooper M.S. Haynes, who was not named as a defendant in the original complaint. According to her, at the deposition of Randy Lurie, an eye witness to Copson's shooting, Lurie testified that a video he had taken of the events leading up to and including the shooting had been deleted by Trooper Haynes and modified to show only "a small portion of the incident that is favorable to Defendants."  ECF N. 37 at 2.  Mr. Lurie was deposed on February 20, 2020, and the motion to amend was filed the next day.  Defendants oppose the proposed amendment.

<u>Analysis</u>

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  In <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), the United States Supreme Court noted that amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant,

2

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

However, "after the deadlines provided by a scheduling order have passed, the good cause standard [of Rule 16(b) of the Federal Rules of Civil Procedure] must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). As our appeals court has noted, there is a "tension within the Federal Rules of Civil Procedure between Rule 15(a) and Rule 16(b)" because, on the one hand, leave to amend is to be freely given but, on the other hand, a movant must show good cause for seeking amendment. See id.

In this case, the deadline for amendment of pleadings and joinder of additional parties was August 1, 2019. See ECF No. 11. In her motion, plaintiff does not address whether her proposed amendment satisfies Rule 15(a) or Rule 16(b). Nor did she respond to defendants' opposition to her motion wherein they argued amendment should be denied under Rule 15(a).

Without explicitly saying as much, plaintiff attempts to tie her belated motion to amend to Mr. Lurie's deposition. However, her original complaint, filed on February 21, 2019 stated as follows:

> 38. Eyewitness Mr. Lurie captured the shooting of Mr.
> Copson on a video taken with his cell phone.

   39. Following the incident, a member of the West
       Virginia State Police confiscated Mr. Lurie's cell
       phone.  According to Mr. Lurie, when his cell
       phone was returned, the video had been deleted.

ECF No. 1 at ¶¶ 38 and 39.  Furthermore, plaintiff's initial

disclosures dated June 4, 2019, identified Mr. Lurie as "an eye-

witness, [ ] expected to testify regarding the events that led up

to the shooting death of Kyle Copson and the West Virginia State

Police's destruction of valuable evidence; to wit:  pertinent

portions of Mr. Lurie's cell phone video of the shooting".  ECF

No. 39-6.

   Unfortunately, after a review of the record, it appears to

the court that the plaintiff has not nor can she show good cause

for amendment of the complaint.  By plaintiff's own admissions,

she knew of a potential spoliation claim more than a year before

filing her motion to amend.

   "Properly construed, 'good cause' means that scheduling
   deadlines cannot be met despite a party's diligent
   efforts."  Dilmar Oil Company, Inc. v. Federated Mutual
   Insurance Company, 986 F. Supp. 959, 980 (D.S.C. 1997),
   aff'd by unpublished opinion, 129 F.3d 116, 1997 WL
   702267 (4th Cir. 1997) (quoting authority).
   Carelessness is not compatible with a finding of
   diligence and offers no reason for a grant of relief.
   Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610
   (9th Cir. 1992).  Indeed, a judge's scheduling order
   "is not a frivolous piece of paper, idly entered, which
   can be cavalierly disregarded by counsel without
   peril."  Gestetner Corp. v. Case Equipment Co., 108
   F.R.D. 138, 141 (D. Me. 1985).  Scheduling orders are
   necessary tools in managing the district court's
   caseload as "[i]t is well known that we litigate these
   days under the burden of heavy caseloads and clogged
   court calendars."  Id.

4

Potomac Elec. Power Co. v. Electric Motor Supply, Inc., 190
F.R.D. 372, 375-76 (D. Md. 1999).  Plaintiff does not even
attempt to argue that she can meet the good cause standard
imposed by Rule 16(b) nor does she give a reason for seeking to
amend at this late stage.  Accordingly, the court concludes that
plaintiff cannot meet the good cause standard of Rule 16(b).  For
this reason, the motion to amend must be **DENIED.**

The Clerk is directed to send copies of this Memorandum
Opinion and Order to all counsel of record.

It is **SO ORDERED** this 9th day of July, 2020.

ENTER:

David A. Faber
Senior United States District Judge